## GARNISHEE OF AN ASSIGNEE.

Circuit Court of Cuyahoga County.

THE NATIONAL RADIATOR COMPANY V. E. J. HOBDAY ET AL.

Decided, November 21, 1911.

*Garnishee Process—Good Against Assignee of Insolvent Estate, When.*

An assignee or trustee in insolvency may be garnisheed by a creditor of a distributee of the insolvent estate, after order of distribution is made.

*Thompson & Hine,* for plaintiff in error.
*Hobday & Quigley,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The sole question in this case is whether or not an assignee or trustee in insolvency may be garnisheed by the creditor of a distributee of the insolvent estate after order of distribution made.

In *Orlopp* v. *Schueller,* 72 O. S., 41, it was held that property or money held by the executor or administrator of an estate in his representative capacity, can not be reached by attachment or garnishee process in an action against the heir or legatee before an order of distribution has been made, and that the provisions of Section 5531, Revised Statutes, now General Code, Section 11829, neither apply to nor authorize the service of garnishment on an executor or administrator. It was there held that executors and administrators are not public officers within the meaning of the phrase "other officers," as contained in the statute as follows:

"The service of process of garnishment upon the sheriff, coroner, clerk, constable, master commissioner, marshal of the municipal corporation, or other officer having in his possession any money, claim, or other property of the defendant, or in which the defendant has an interest, shall bind it from the time of service," etc.

As the Supreme Court points out, this statute does not undertake to "provide or prescribe who may be served with garnishee

process,'' but only ''to define the effect of service of the process of garnishment upon public officers.''

As said, however, in *Sampsell* v. *Sampsell*, 17 C. C., 455, at page 460, a writ of garnishment, under favor of the preceding section, may be issued against ''any person, partnership or corporation'' that is possessed of property of the defendant. But this provision has been generally construed as not applying to public officials, and .this is upon a theory of public policy requiring that the course of legal proceedings, and the duties of public officers, shall not be interfered with so as to protract litigation, produce conflict of jurisdiction, or otherwise embarrass the public business, unless the General Assembly, by law, unequivocally provides'that it may be done.

But, inasmuch as the General Assembly has provided for the effect of the service of the writ of garnishment upon certain named officials, it must be held as against these, at least, that the issuance of the writ is authorized by the general language of General Code, Section 11828. So, also, with respect to any officer, public or private, who is not strictly an ''other officer''. within the meaning of General Code, Section 11829, it must be held that the language of the preceding section is sufficiently broad to authorize the issuance against him of the writ of attachment, unless it shall appear that such issuance is in conflict with the rule of public policy above stated, and not within the legislative waiver or modification thereof.

Where an order of distribution has been made, an assignee, administrator, executor or guardian may be sued by any distributee, or his assigns, for his or their distributive share. *Braden* v. *Mercer*, 44 O. S., 339; *Garver* v. *Tisinger*, 46 O. S., 56; *Webster* v. *Bible Society*, 50 O. S., 1.

If public policy under such circumstances does not forbid the creditors of such officers to sue them for the recovery of distributive shares, there would seem to be no reason why, under like circumstances, a creditor of such creditor may not have the remedy of attachment or garnishment. If we are right in thus thinking, this case is not governed by either branch of the syllabus of *Orlopp* v. *Schueller, supra.* The first branch does not apply, because here an order of distribution was made,

whereas in that case none had been made. The second branch does not apply because the right to have the writ issued against Crosser, trustee, in the case at bar, does not depend upon Revised Statutes, Section 5531 (General Code, Section 11829), but is allowable under the general language of the preceding section.

It may be added that Crosser, trustee, is not here objecting. On the contrary, he filed an answer alleging that he held money of the defendant in attachment subject to an order of distribution made by the insolvency court of this county, and subject to such order as might be made by the court which issued the writ of garnishment.

The judgment is affirmed.